Henderson, Chief-Justice.
 

 We are glad that we have it in our power to decide this case upon its merits, without determining the much contested point, whether
 
 Hawkins*
 
 judgment could he pleaded since the last continuance, in protection of the assets. The case stands upon the plea, that the Defendants had fully administered, except as to 018,785, which they had confessed to suits
 
 brought to, and then pending in that Court, to
 
 which there was a general replication, it was then, by mutual consent, referred to the Clerk to take an account of the administration and report, and that such report should be evidence in the cause. The Clerk reports among other things, that one of the judgments was on a note not thc!\ due ; and that in another case, judgment had been confessed for g 100 more than was due on the note. The first question is, are these facts, under the pleadings, admissible to be shown ; and secondly, if so, is the report evidence of those facts ? If the debts had been pleaded, and the judgments set forth
 
 nomination
 
 in
 
 the
 
 plea, I think the evidence would have been inadmissible. For if the Plaintiff intended to impeach the judgment, he should have specially replied the cause of the impeachment. But the plea, altho’ more special than common, is not so precise
 
 in pointing
 
 to the judgments, as to require a special replication. The Defendant must himself ask indulgence to make his plea good, for want of certainty, and thereby the Plaintiff is excused from making the special replication, that one judgment was fraudulent, being for too much, and another was so, because oh a bond not due. For altho’ the Defendant pointed to the judgments, as in
 
 that Court, and at that term,
 
 the Flaintiff was not obliged to wade through the whole of the records of the term, to ascertain them. According to our loose practice, the Defendant is at liberty to produce his judgments^ and the Plaintiff to impugn them,
 
 *401
 
 by any means in his power. The Defendant cannot complain, for be requires a relaxation of the rules of pleading, to make his plea good
 
 ;
 
 and must consent to a like relaxation.in behalf of the Plaintiff!
 

 The next question is, whether the Clerk’s report is evidence to impeach the judgments. I think that it is* It will bo recollected, that the plea is, that there are suits pending to the amount of 818,785, on evidences of debt equal in dignity to that of the Plaintiff’s. The reference to the Clerk is not whether the suits are pending on evidences of debts equal in dignity to the Plaintiff’s $ for that question the parties did not submit to him ; but, they did submit to him an investigation of the facts, out which that question depended, as well as others, to wit, the amount of all the assets, the prior judgments or debts due by the Defendants $ whether there were debts to that amount in suit, and the nature of the evidences of the debts. Those particulars, I think, were fully within the scope of his authority. This is fortified by the consent of the parties. Otherwise the Defendants must be subjected to the charge of being guilty of a foul fraud. Either party was at liberty to except. The Clerk made a report, in which the facts were stated. No exception is taken, and when the report is offered in evidence, for the first time it is objected, that the Defendant did not intend to refer particular facts to him. Fair dealing required, if he did not design to submit those facts to the Clerk, he at once ought to have excepted to it, that his opponent might be put on his guard. This conduct of the Defendant, altho’
 
 it
 
 cannot change the law, in matters of fact concludes him in this point of his case, whether or not it was within the submission. But I think, taking these as suits pending, it was clearly within the submission.
 

 There are therefore assets in Defendant’s hands, over and above, those attached to the suits pending, and which could be recovered of them, sufficient to satisfy the Plaintiff’s
 
 *402
 
 demand. If they are permitted to remain there against this Plaintiff, ■who can call them out? None others have suits pending.
 

 Per Curiam. — Let the judgment of the Court below be affirmed.